OPINION. Johnson, Judge: Petitioner engages in the business of milling and selling wheat, flour, and other wheat products. It has consistently inventoried wheat on the average cost method. In computing the average base period net income it is necessary to ascertain the excess profits net income for each base period year. The excess profits net income for a base period year is determined by starting with the petitioner’s normal tax net income as adjusted for such year and applying against it certain additions and deductions as provided for under section 711, Internal Revenue Code. Of these latter adjustments provided for under section 711 (b) (1) (J) (i) and (ii)[1] are the elimination of deductions for such prior base period years which are abnormal in class and abnormal in amount. In its excess profits tax returns for the taxable years ended May 31, 1944, and May 31,1945, the petitioner, for purposes of computing its excess profits credit, reduced its actual opening inventories by use óf a formula for each of the base period fiscal years 1938 and 1939 and claimed abnormal deductions therefor under section 711. Petitioner reduced its opening inventories by computing the excess of the book basis of wheat sold during each of the base period years 1938 and 1939 over the average cost of a like amount of wheat purchased at the average purchase price within each such base period year. The Commissioner determined that such inventory reductions are not dis-allowable as abnormal deductions for such base period years within the purview of section 711. Petitioner’s alleged “abnormal deduction,” being an inventory adjustment, is a reduction of cost of goods sold, and as such is not within the class of items which are deductions from gross income under section 23 of the Code. In Universal Optical Co., 11 T. C. 608, 621, we said: * * * dearly, section 711 (b) (1) (J) permits adjustment only of “deductions”, abnormal, or normal, if abnormal in amount. The meaning of the statutory term “deductions” is well established. Without express enlargement of its usual meaning to include other items than those specified as deductions under the Internal Revenue Code, no item which is not shown to have been a statutory deduction may be adjusted under section 711 (b) (1) (J). We adhered to this principle in Crow-Burlingame Co., 15 T. C. 738, affd. (C. A. 8) 192 F. 2d 574. Petitioner further argues that as applied to it the tax is unconstitutional as being upon gross receipts without allowance for cost of goods sold. Its brief states: “Anyone who owns millions of pounds of wheat and watches the market price decline more than 50% from what he paid for it suffers a loss when he sells it.” Passing the contention challenging the validity of a tax on gross receipts, it is plain that no such tax is involved herein. Petitioner is correct in arguing that under the Internal Kevenue Code there must be a disposition of the inventory before a loss is recognized, for mere fluctuations in the value of inventory without disposition gives rise to no gain or loss. However, when petitioner sells wheat below its cost its gross receipts from sales figure is lower than if the wheat were sold at its cost. Also the decrease in inventory value is reflected in the inventory figures and in turn in the cost of goods sold figure. Gross profit on sales equals net sales minus cost of goods sold. Petitioner has had the benefit of subtracting its actual cost of goods sold from gross sales receipts in arriving at gross income. It is only the further adjustment to inventories of the base period years 1938 and 1939 made in the excess profits tax returns for the taxable years 1944 and 1945 that is not allowed by respondent. Thus, the tax is not upon petitioner’s gross receipts and respondent’s determination as to this issue is approved. Petitioner employed an attorney relative to proceedings enjoining the collection of processing taxes on wheat pending the invalidation of the Agricultural Adjustment Act in a decision by the United States Supreme Court on January 6, 1936. The agreed attorney fee was $60,000 and was paid by petitioner, $15,000 during the fiscal year ended May 31, 1936, and $45,000 during the fiscal year ended May 31, 1937. In computing its excess profits credit for each of the taxable years ended May 31, 1944, and May 31, 1945, petitioner restored the amount of $45,000 to income for the base period year ended May 31, 1937, on the basis that such sum was a disallowable deduction under section 711 (b) (1) (J),I. E. C. The respondent determined that the disallowable amount for the base period year 1937 was limited to the excess of $45,000 over the attorney fees deducted in each of the respective current taxable years ended May 31, 1944, and May 31,1945, under section 711 (b) (1) (K) (iii), which reads as follows: SEC. 711. EXCESS PROFITS NET INCOME. ******* (b) Taxable Yeabs in Base Period.— ******* (K) Rules for Application of Subparagraphs (H), (I), and (J).— For the purposes of subparagraphs (H), (I), and (J)— ******* (iii) The amount of deductions of any class to be disallowed under such subparagraphs with respect to any taxable year shall not exceed the amount by which the deductions of such class for such taxable year exceed the deductions of such class for the taxable year for which the tax under this subchapter is being computed. The applicable statutes and regulations provide that in computing petitioner’s excess profits credit under the income method the amount of the abnormal deduction to be restored to income under section 711 (b) (1) (J) for the base period year 1937 shall be limited under section 711 (b) (1) (K) (iii) to the excess of the amount of such class of deduction in the base period year over the amount of the same class of deduction for each of the current taxable years ended May 31, 1944, to May 31,1945. Respondent contends that the $45,000 attorney’s fees for the base period year ended May 31, 1937, are not allowable to the extent of $19,323.27 in computing petitioner’s excess profits credit for the taxable year ended May 31,1944, and $15,187.07 in computing petitioner’s excess profits credit for the taxable year ended May 31, 1945, under section 711 (b) (1) (K) (iii). Respondent, in his determination of the deficiencies, does not question that the $45,000 attorney’s fees in 1937 are an abnormal deduction under section 711 (b) (1) (J.) but he has determined that this abnormal deduction is limited by the provisions of 711 (b) (1) (K) (iii). In sustaining respondent’s position we follow the rationale of Arrow-Hart & Hegeman, Electric Co., 7 T. C. 1350, and Oaklawn Jockey Club, 8 T. C. 1128, and, in particular, George J. Meyer Malt & Grain Corporation, 11 T. C. 383, 392, wherein we stated: * * * If this Court were to exclude legal and professional fees because of the fact that during a particular year they were paid for services rendered in connection with a section of the revenue law not covered by prior services, we would soon have a completely unwieldly number of classifications for the purpose of computing base period net income. Therefore, the attorney’s fees deducted by petitioner in the amounts of $19,323.27 for the taxable year ended May 31, 1944, and $15,187.07 for the taxable year ended May 31, 1945, are of the same class of deductions within the purview of section 711, as the attorney’s fees of $45,000 deducted by petitioner for its base period ended May 31, 1937. In view of the stipulated concessions of both parties, Decision will be entered under Bule 60. Reviewed by the Court.